IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF SOUTH CAROLINA
DIVISION

CIVIL ACTION NO. 2:18-CV-00236-DCN

| | |
|---|---|
| Tina Huey, <br><br> Plaintiff, <br><br> vs. <br><br> Daniel Dowd and Dana Foster, <br><br> Defendants. | **ANSWER** |

To:  William Walker, attorney for the Plaintiff

The Defendants, above-named, answering the Complaint of the above-named Plaintiffs, allege(s) and say(s) as follows:

1. That the Defendants deny each and every allegation of the Complaint not hereinabove specifically admitted or modified.

2. That the Defendants are without sufficient information to admit or deny the allegations in paragraph 1 of the Complaint.

3. That as to the allegations in paragraph 2 of the Complaint, the Defendant Dowd admits that he is a citizen of Charleston County, South Carolina.

4. That the Defendants are without sufficient information at this time to admit or deny the allegations in paragraph 3 of the Complaint.

5. That the allegations in paragraph 4 of the Complaint call for a legal conclusion that the Defendants are not required to admit or deny.

6. That the allegations in paragraph 5 of the Complaint call for a legal conclusion that the Defendants are not required to admit or deny.

7. That as to the allegations in paragraph 6 of the Complaint, the Defendants crave reference to the earlier paragraphs of this Answer.

8. That upon information and belief, the Defendants admit the allegations in paragraph 7 of the Complaint.

9. That upon information and belief, the Defendants admit the allegations in paragraph 8 of the Complaint.

10. That upon information and belief, the Defendants admit the allegations in paragraph 9 of the Complaint.

11. That upon information and belief, the Defendants admit the allegations in paragraph 10 of the Complaint.

12. That upon information and belief, the Defendants admit the allegations in paragraph 11 of the Complaint..

13. That as to the allegations in paragraph 12 of the Complaint, the Defendants admit that a minor motor vehicle accident occurred but denying the remaining allegations in paragraph 12 of the Complaint.

14. That the Defendants deny the allegations in paragraph 13 of the Complaint.

15. That as to the allegations in paragraph 14 of the Complaint, the Defendants crave reference to the earlier paragraphs of this Answer.

16. That the Defendants deny the allegations in paragraph 15 of the Complaint.

17. That the Defendants deny the allegations in paragraph 16 of the Complaint.

18. That as to the allegations in paragraph 17 of the Complaint, the Defendants crave reference to the earlier paragraphs of this Answer.

19. That the Defendant Dowd admits that he allowed Defendant Foster to drive the vehicle but otherwise denies the allegations in paragraph 18 of the Complaint.

20. That the Defendants deny the allegations in paragraph 19 of the Complaint.

21. That the Defendants deny the allegations in paragraph 20 of the Complaint.

22. That the Defendants deny the allegations in paragraph 21 of the Complaint.

**FOR A FIRST AFFIRMATIVE DEFENSE**
**(Absence of Injuries)**

23. To the extent that the Plaintiff failed to claim any injuries whatsoever at the time of this accident and is now alleging in her Complaint injuries which are entirely inconsistent with the facts of this case, Defendant demands strict proof of any and all the injuries claimed by the Plaintiff, and affirmatively alleges that the injuries claimed by the Plaintiff are not the product of this automobile accident and were not sustained as a proximate result of this automobile accident.

**FOR A SECOND AFFIRMATIVE DEFENSE**
**(Bifurcated Jury Trial)**

24. To the extent punitive damages are claimed, this Defendant demands a bifurcated jury trial pursuant to S.C. Code Ann. §15-32-520 and that said damages, if any, are limited to three times the amount of compensatory damages, or the sum of $500,000.00, whichever is greater, if any.

### FOR A THIRD AFFIRMATIVE DEFENSE
### (Failure to State Facts Sufficient)

25. That the Complaint fails to state facts sufficient to constitute a cause of action against the Defendant Dowd and the Complaint should be dismissed pursuant to the provisions of SCRCP Rule 12(b)(6).

### FOR A FOURTH AFFIRMATIVE DEFENSE
### (Improper Process)

26. That the process issued in the within action is insufficient and, therefore, the within action should be dismissed pursuant to the provisions of SCRCP Rule 12(b)(4).

### FOR A FIFTH AFFIRMATIVE DEFENSE
### (Improper Service of Process)

27. That service of process was insufficient in the within action and, therefore, the within action should be dismissed pursuant to the provisions of SCRCP Rule 12(b)(5).

### FOR A SIXTH AFFIRMATIVE DEFENSE
### (Lack of Personal Jurisdiction)

28. That the Plaintiff has not effected service upon the Defendant in a manner required by law and, therefore, this Court lacks personal jurisdiction over the Defendant.

### FOR A SEVENTH AFFIRMATIVE DEFENSE
### (Lack of Proper Service)

29. That the court lacks jurisdiction over the person of the Defendant because the Plaintiff has not obtained proper service in the manner required by law and, therefore, the Plaintiff's Complaint should be dismissed pursuant to the provisions of SCRCP Rule 12(b)(2).

### FOR AN EIGHTH AFFIRMATIVE DEFENSE
### (Punitive Damages Unconstitutional - Procedural Due Process)

30.     That the Plaintiff's Complaint to the extent that it seeks punitive or exemplary damages violates the right of the Defendant to procedural due process under the Fourteenth Amendment of the United States Constitution and the Constitution of the State of South Carolina, and, therefore, fails to state a cause of action upon which either exemplary or punitive damages can be awarded.

### FOR A NINTH AFFIRMATIVE DEFENSE
### (Punitive Damages Unconstitutional - Substantive Due Process)

31.     That the Plaintiff's Complaint to the extent that it seeks punitive or exemplary damages, violates this Defendant's right to substantive due process as provided in the Fifth and Fourteenth Amendments of the United States Constitution and the Constitution of the State of South Carolina and, therefore, fails to state a cause of action upon which either exemplary or punitive damages can be awarded.

### FOR A TENTH AFFIRMATIVE DEFENSE
### (Violation of Constitutional Guarantees)

32.     That the Plaintiff, to the extent that she seeks punitive or exemplary damages, if any, is in violation of the rights of the Defendant under the United States Constitution and the Constitution of the State of South Carolina and, therefore, fails to state a cause of action upon which either punitive or exemplary damages may be awarded.

**WHEREFORE**, having fully answered the Complaint of the Plaintiffs, the Defendants prays for a trial by jury and that the Plaintiffs', Complaint be dismissed, together with the costs and disbursements of this action and for such other and further relief as this Court may deem just and proper.

CLAWSON and STAUBES, LLC


*s/Margaret M. Urbanic*
Margaret M. Urbanic
District of S.C. Federal Bar No.: 7017
126 Seven Farms Drive, Suite 200
Charleston, South Carolina 29492-8144
Phone: (843) 577-2026
Fax:   (843) 722-2867
purbanic@clawsonandstaubes.com
Attorney for Defendants

Charleston, South Carolina

May 16, 2018