IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF SOUTH CAROLINA
DIVISION

CIVIL ACTION NO. 2:18-CV-00236-DCN

| | |
|---|---|
| Tina Huey,<br><br>      Plaintiff,<br><br>vs.<br><br>Daniel Dowd and Dana Foster,<br><br>      Defendants. | **MEMORANUDM TO SUPPORT DEFENDANTS' MOTION TO LIFT DEFAULT** |

This matter is before Court on the Defendants' Motion to Lift Entry of Default.

Suit was initially filed by the Plaintiff on January 29, 2018. On March 19, 2018, Plaintiff filed proof of service stating that Daniel Dowd was served at his usual abode on March 9, 2018 at 24 Stanford Hill Road, Essex, CT 06426. On April 24, 2018, Plaintiff filed a motion to request entry of default against all parties pursuant to Rule 55(a) of the Federal Rules of Civil Procedure. On May 1, 2018, counsel for the Defendants filed a Motion to Lift Default. On May 14, 2018, Defendants filed an affidavit completed by Daniel Dowd stating that he has lived at 654 Fort Sumpter Dr., Charleston, South Carolina since January 1, 2018 and has not lived in Connecticut in approximately 10 years. (Court filing #12). Therefore, the Plaintiff clearly has not affected service on the Defendant Dowd.

The Court should clearly lift the entry of default against the Defendant Dowd as he has never been served with the lawsuit. Additionally, the court should find that good cause exists as to both Defendants for the court to lift the entry of default.

Federal Rule of Civil Procedure 55(c) provides that "[f]or good cause shown the court may set aside an entry of default and, if a judgment by default has been entered, may likewise set it aside in accordance with Rule 60(b)." Fed. R. Civ. P. 55(c). The Fourth Circuit Court of Appeals has held that "although the clear policy of the Rules is to encourage dispositions of claims on their merits, trial judges are vested with discretion, which must be liberally exercised, in entering [default] judgments and in providing relief therefrom." United States v. Moradi, 673 F.2d 725, 727 (4th Cir. 1982) (citations omitted). Furthermore, the decision to set aside an entry of default is "committed to the sound discretion of the trial court" and should only be disturbed upon a finding of an abuse of discretion. See Lolatchy v. Arthur Murray, Inc., 816 F.2d 951, 954 (4th Cir. 1987); see also Williams v. Blitz, 226 F.2d 463 (4th Cir. 1955); Papagianakis v. The Samos, 186 F.2d 257, 263 (4th Cir. 1950). Generally speaking, "a default should be set aside where the moving party acts with reasonable promptness and alleges a

meritorious defense." Consol. Masonry & Fireproofing, Inc. v. Wagman Constr. Corp., 383 F.2d 249, 251 (4th Cir. 1967). This "good cause" standard is liberally construed "in order to provide relief from the onerous consequences of defaults . . . ." Lolatchy v. Arthur Murray, Inc., 816 F.2d 951, 954 (4th Cir. 1987); see also Tolson v. Hodge, 411 F.2d 123, 130 (4th Cir. 1969) ("Any doubts about whether relief should be granted should be resolved in favor of setting aside the default so that the case may be heard on the merits.").

In Canopius US Ins., Inc. v. Middleton, No. 2:15-cv-03673-DCN, the court noted that the standards used in Rule 55 and Rule 60 cases in the Fourth Circuit show that a party attempting to have a default judgment set aside bears a heavier burden than a party that is simply in default. Palmetto Fed. Sav. Bank of S.C. v. Indus. Valley Title Ins. Co., 756 F. Supp. 925, 931 (D.S.C. 1991) vacated, No. 1:90-cv-1599-1, 1991 U.S. Dist. LEXIS 21831, 1991 WL 832830 (D.S.C. May 15, 1991) (vacated upon request of the parties as part of a compromised settlement). However, the Palmetto court did note that "the factors set forth in Moradi, though they were applied to a Rule 60(b) motion, also provide useful guidelines in a motion to set aside an entry of default." Id. In short, the factors that determine whether an entry of default should be set aside include: (1) the promptness of the defaulting party, (2) the presence or absence of a meritorious defense, (3) whether the party or counsel bears the responsibility for the default, (4) the prejudice that would result to the innocent party, (5) whether the defaulting party has a history of dilatory conduct, and (6) the availability of sanctions less drastic. Moradi, 673 F.2d at 728. Of the Moradi factors, courts have placed the greatest significance on the first one. *See* Moradi, 673 F.2d at 728; Augusta Fiberglass Coatings, Inc. v. Fodor Contracting Corp., 843 F.2d 808, 811 (4th Cir. 1988); Lolatchy, 816 F.2d at 953; Palmetto, 756 F.S pp. at 932. The court should always keep an eye toward the preference for meritorious resolutions of disputes. Palmetto, 756 F.Supp. at 932.

In analyzing the Mordai factors to this case, the court should life the entry of default against both Defendants.

1. Promptness of the defaulting party

Clearly, the Defendants satisfy factor of promptness as the Motion to Lift Default as filed 8 days after the entry of default was requested.

2. The presence of a meritorious defense

Defendants have meritorious defense as there is a dispute as to proximate cause and damages with regards to the Plaintiff's allegations of injuries. Furthermore, Defendant Dowd has a meritorious defense against the negligent entrustment allegation as under South Carolina law, negligent entrustment is only recognized under limited circumstances. According to case law, the elements of negligent entrustment
are: (1) knowledge of or knowledge imputable to the owner that the driver was either addicted to intoxicants or had the habit of drinking, (2) the owner knew or had imputable knowledge that the driver was likely to drive while intoxicated, and (3) under these

circumstances, the entrustment of a vehicle by the owner to such a driver <u>Gadson v. ECO Services,</u> 374 S.C. 171; 648 S.E.2d 585 (2007). In the Complaint, there are no allegations of intoxication of the driver and therefore, the negligent entrustment claims should be dismissed.

3. Whether the party or counsel bears responsibility

With regards to the issue of whether the party or counsel bears responsibly of default. The undersigned counsel was hired by GEICO on May 1, 2018. Furthermore, as previously stated in this memorandum, Defendant Dowd was never served with suit papers.

4. Prejudice to Plaintiff

As the lawsuit was only filed on January 29, 2018, this case is still in the beginning states of litigation and the Motion to Lift Default was filed within 8 days of the entry of Default. Therefore, there is no prejudice to the Plaintiff in granting the Defendants' Motion to Lift Default.

5. History of Dilatory Action

There is no evidence that either Defendant has a history of going into default before this lawsuit.

Therefore, it is clear that for all of the foregoing reasons the Defendants' Motion to Lift Default should be granted and the Court should accept the Defendants' Answer as being timely filed.

Respectfully submitted,

        CLAWSON and STAUBES, LLC

        <u>*s/Margaret M. Urbanic*</u>
        Margaret M. Urbanic
        District of S.C. Federal Bar No.: 7017
        126 Seven Farms Drive, Suite 200
        Charleston, South Carolina 29492-8144
        Phone: (843) 577-2026
        Fax: (843) 722-2867
        purbanic@clawsonandstaubes.com
        Attorney for Defendants

Charleston, South Carolina

May 16, 2018