# IN THE UNITED STATES COURT
# DISTRICT OF SOUTH CAROLINA
# CHARLESTON DIVISION

| | |
|---|---|
| Tina Huey, | ) |
| Plaintiff, | ) C/A No. 2:18-cv-00236-MBS |
| v. | ) |
| | ) OPINION & ORDER |
| Daniel Dowd and Dana Foster, | ) |
| Defendants. | ) |

This matter comes before the court upon Defendant Daniel Dowd and Dana Foster's amended motion to lift entry of default (collectively referred as "Defendants"). ECF No. 14. Plaintiff Tina Huey does not oppose Defendants' motion. ECF No. 16. For the reasons stated herein, Defendants' amended motion to lift entry of default is GRANTED.

## I. RELEVANT AND PROCEDURAL HISTORY

On January 29, 2018, Plaintiff filed a negligence action against Defendants for personal injuries sustained in a motor vehicle accident that occurred on or about April 10, 2016. ECF No. 1, Compl. ¶ 11. Defendant Dowd owned the motor vehicle which Defendant Foster operated at the time of the accident. Compl. ¶ 10. Plaintiff asserts causes of actions for negligence against Defendant Foster (First Cause of Action) and against Defendant Dowd for negligent entrustment of a motor vehicle (Second Cause of Action). Compl. ¶¶ 15, 18. Plaintiff seeks compensatory and punitive damages. Compl. ¶ 16.

On March 19, 2018, Plaintiff filed proof of service indicating that a process server left a copy of the summons and complaint at the usual place of abode for Defendant Foster at 1 Mitchell Circle, Ivoryton, Connecticut, and for Defendant Dowd at 24 Stanford Hill Road, Essex,
1

Connecticut. ECF Nos. 5, 6. On April 24, 2018, Plaintiff filed a request for entry of default pursuant to Fed. R. Civ. P. 55(a) against Defendants for failure to file a response to the complaint within the time prescribed. ECF No. 9. A clerk's entry of default against Defendants was entered on April 24, 2018. ECF No. 10.

On May 1, 2018, Defendants filed a motion to lift entry of default, ECF No. 11, and an amended motion to lift entry of default on May 16, 2018,[1] which included an affidavit from Defendant Dowd, ECF No. 16.[2] In his affidavit, Defendant Dowd states that he is a citizen and resident of Charleston County, South Carolina. ECF No. 16, ¶ 1. He states that he has resided in Charleston, South Carolina since January 1, 2018, and has "not resided in Connecticut in approximately 10 years." *Id*. ¶¶ 4-5. He further states that he has "not been served with suit papers in this matter." *Id*. ¶ 6. In response, Plaintiff informed the court that she does not oppose the lifting of the entry of default against Defendants. ECF No. 16.

## II. LEGAL STANDARD

Under Fed R. Civ. P. 55(a), "[w]hen a party against whom judgment for affirmative relief is sought has failed to plead or otherwise defend . . . the Clerk of Court must enter a default." A court may set aside an entry of default "for good cause shown." Fed. R. Civ. P. 55(c). "Fed. R. Civ. P. 55(c) is liberally construed in favor of setting aside defaults because the law prefers adjudication on the merits to default judgments." *Campodonico v. Stonebreaker*, C/A No. 4:15-cv-3373-RMG, 2016 WL 1064490, at *2 (D.S.C. Mar. 15, 2016). "The Fourth Circuit has set forth a six-factor standard for relief from default under Rule 55(c): 'whether the moving party has a meritorious defense, whether it acts with reasonable promptness, the personal responsibility of the

---

[1] Defendants also filed an Answer denying Plaintiff's allegations. ECF No. 13.
[2] Defendants indicate that they may supplement this motion with an affidavit from Defendant Foster at a later date. ECF No. 14 at 2.

defaulting party, the prejudice to the party, whether there is a history of dilatory action, and the availability of sanctions less drastic.'" *Id.* at *2 (citing *Payne ex rel. Estate of Calzada v. Blake*, 439 F.3d 198, 204-05 (4th Cir. 2006).

### III. ANALYSIS

The court considers whether there is good cause to set aside the entry of default in the instant case. Although Defendants failed to timely file a response to Plaintiff's Complaint, they have since filed an Answer and a motion to set aside the Clerk's entry of default. *See* ECF Nos. 11, 13. Both of these actions were taken within days of Defendants retaining counsel on May 1, 2018, indicating to the court that Defendants are seeking to act with reasonable promptness. Because this case is at an early stage in litigation, the court finds no prejudice to Plaintiff by allowing the entry of default to be set aside. There is also no evidence of a history of dilatory action by Defendants at this early stage of litigation. Finally, there are sanctions available that are less drastic than the entry of default against Defendants. *See Colleton Preparatory Acad. Inc. v. Hoover Universal, Inc.*, 616 F. 3d 413, 418 (4th Cir. 2010) (noting that a motion for an award of attorney's fees and costs to plaintiff in opposing the motion to set aside an entry of default or default judgment could be appropriate).

With respect to the existence of a meritorious defense, the court finds that Defendants have made a showing of the existence a meritorious defense. "A meritorious defense requires a 'proffer of evidence, which if believed, would permit either the court or the jury to find for the defaulting party.'" *Campodonico,* 2016 WL 1064490, at *2. Defendants assert several defenses in their Answer and in their motion to set aside the entry of default. *See* ECF Nos. 13, 14. Some of the defenses include: (1) improper service of process; (2) lack of personal jurisdiction; (3) absence of injuries; (4) bifurcated jury trial; and (5) failure to state sufficient facts. *See* Affirmative Defenses,

ECF No. 13 at 3-5. In their motion, Defendants dispute causation and damages with regards to Plaintiff's allegations of injuries. ECF No. 14-1 at 2. Specifically, Defendant Dowd alleges that he has "a meritorious defense against the negligent entrustment allegation as under South Carolina law, negligent entrustment is only recognized under limited circumstances." *Id*.

Based on Defendants' Answer and motion to set aside the entry of the default, the court finds that Defendants allege facts that, if believed, would constitute a meritorious defense to Plaintiff's claims. *See Blackwood v. Georgetown Hosp. Systems*, C/A No. 2:12-02702-RMG, 2013 WL 1342523, at *1 (D.S.C Apr. 2, 2013) (noting that Defendant's proposed Answer contains allegations and affirmative defenses which demonstrate a meritorious defense); *Jenkins for William Byrd Custom Home Builders, Inc. v. Builders Ins. Grp.*, C/A No. 9:18-cv-466, 2018 WL 1305548 (D.S.C. Mar. 12, 2018) (holding that the Defendant has established the existence of a meritorious defense as it has filed an Answer and counterclaim); *Advanced Commercial Credit Int't (ACI) Ltd. v. CitiSculpt, LLC*, C/A No. 6:17-cv-00069-DCC, 2018 WL 1578817 (D.S.C. Apr. 2, 2018) (holding that Defendant has established the existence of a meritorious defense as it has filed an Answer, and an Affidavit outlining the factual predicate for the defenses asserted in the Answer).

The remaining factor, the personal responsibility of the defaulting party, weighs in favor of Defendant Dowd. The record indicates that proper service was not effectuated upon Defendant Dowd, because it was left at an address located in Connecticut, in which Defendant Dowd has not resided in the past ten years. *See* Affidavit, ECF No. 14-2. Accordingly, the court finds that Defendant Dowd has satisfied all six factors and has shown good cause to set aside the entry of default.

However, as to Defendant Foster, the court is unaware of the personal circumstances that prevented her from timely filing an Answer. Because there are five factors that weigh in favor of relieving Defendant Foster of the entry of default, and one factor that neither weighs clearly nor against relief, the court finds that there is good cause to set aside the entry of default and allow the instant action to proceed on its merits.

## IV. CONCLUSION

For the reasons set forth above, this court **GRANTS** Defendants' motion to lift entry of the Clerk's default, ECF No. 11, and Defendants' amended motion to lift entry of the Clerk's default. ECF No. 14. The Clerk's entry of default in this matter is set aside.

**IT IS SO ORDERED**.

Dated: June 20, 2018 　　　　　　　　　　　　　__/s/ Margaret B. Seymour_____
　　　　　　　　　　　　　　　　　　　　　　　Margaret B. Seymour
　　　　　　　　　　　　　　　　　　　　　　　Senior United States District Judge